# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                          CASE NO.  2:25-CR-20051-DDC-TJJ

MATTHEW JOHNSON,

        Defendant.

# INFORMATION

**THE UNITED STATES ATTORNEY CHARGES**:

## COUNT 1

**BANK FRAUD**
**[18 U.S.C. § 1344]**

1.    Beginning on a date unknown, but by at least in or about June 2018, and continuing through in or about June 2021, in the District of Kansas and elsewhere, the defendant,

**MATTHEW JOHNSON,**

knowingly and intentionally devised a scheme an artifice to defraud Financial Institution A, and to obtain money, funds, and credits owned by and under the custody and control

1

of Financial Institution A, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts.

**Relevant Persons and Entities**

At times relevant to this Information:

2. Financial Institution A was a credit union serving the Kansas City Metropolitan area. It was a financial institution as that term is defined in 18 U.S.C. § 20, the accounts of which were insured by the National Credit Union Administration ("NCUA").

3. Beginning in approximately 2016, Financial Institution A partnered with the Kansas City Chiefs professional football team. As part of the agreement, Financial Institution A agreed to purchase tickets to Chiefs games each year.

4. From in or about October 2016 through in or about April 2021, defendant MATTHEW JOHNSON was employed as a Vice President of Marketing for Financial Institution A. From April 2021 to June 2021, JOHNSON was Vice President, Chief of Staff.

**Manner and Means**

5. Financial Institution A's upper-level executives made decisions regarding the distribution of Chiefs tickets. As a Vice President of Marketing, JOHNSON had responsibility for purchasing and distributing Chief tickets consistent with the directives he received from management.

6. The object of the scheme to defraud was for JOHNSON to use his position to steal money from Financial Institution A through the misappropriation of Chiefs tickets and the submission of fraudulent expense reports.

7. As part of the scheme to defraud, JOHNSON, without Financial Institution A's knowledge or consent, transferred Chiefs tickets to his personal Ticketmaster account. He then sold them to third parties for profit, transferred them to a friend or family member, or used them himself.

8. JOHNSON also caused fraudulent checks to be issued and used to purchase Chiefs tickets on the secondary market, which he resold using third-party resellers such as StubHub and Ticketmaster. JOHNSON completed, or caused the checks to be completed, with L.G.'s signature, a person authorized to sign such Financial Institution A checks, which was done without L.G.'s knowledge or consent, thereby falsely representing the signature to be a true and actual signature of L.G. JOHNSON would then present the checks for payment of Chiefs tickets, even though JOHNSON knew that the checks were fraudulent.

9. JOHNSON created multiple email accounts to complete transactions, such as "[Financial Institution A]account2@yahoo.com."

10. As part of the scheme to defraud, JOHNSON created duplicate expense reports to receive unauthorized payments from Financial Institution A. In most instances, JOHNSON submitted an initial expense report for a legitimate, business-related expense. He then created and submitted multiple additional, fraudulent reports for that same expense.

11. JOHNSON stole hundreds of thousands of dollars via the fraudulent scheme described above.

### Execution of the Scheme

12. On or about the date set forth below, in the District of Kansas, the defendant,

**MATTHEW JOHNSON**,

knowingly and intentionally executed and attempted to execute the aforementioned scheme and artifice to defraud Financial Institution A and to obtain certain moneys, funds, credits, assets, securities, and other property owned and under the custody and control of Financial Institution A, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, that is, JOHNSON placed an order for Chiefs tickets on the secondary market, which were purchased with Financial Institution A funds, as described below:

| Count | Date | Transaction | Amount |
|---|---|---|---|
| 1 | 6/2/2021 | JOHNSON placed an order for Chiefs tickets through Tickets for Less, Invoice # 1093468 | $50,000 |

In violation of Title 18, United States Code, Section 1344.

### COUNT 2

**AGGRAVATED IDENTITY THEFT**
**[18 U.S.C. § 1028A]**

13. The United States Attorney re-alleges and incorporates by reference the factual allegations in Paragraphs 2 through 11.

14. On or about June 7, 2021, in the District of Kansas, the defendant,

**MATTHEW JOHNSON**,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowing that the means of identification belonged to another actual person, that is, JOHNSON possessed and used the signature of L.G. on a Financial Institution A check used to pay for Chiefs tickets, in connection with the bank fraud offense charged in Count 1 of this Information.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## **FORFEITURE NOTICE**

15. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Section 982(a)(2).

16. Upon conviction of the offense set forth in Count 1 of this Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2) any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly from the offense. The property to be forfeited includes, but is not limited to, the following:

> A. A forfeiture money judgment against the defendant in an amount equal to the amount of proceeds obtained or derived by him from the commission of Count 1;

17. If any of the property described above, as a result of any act or omission of the defendant:

      A.    cannot be located upon the exercise of due diligence;

      B.    has been transferred or sold to, or deposited with, a third party;

      C.    has been placed beyond the jurisdiction of the court;

      D.    has been substantially diminished in value; or

      E.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Dated June 23, 2025

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

*/s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
Ryan.Huschka@usdoj.gov
Kan. Sup. Ct. No. 23840

Robert J. Dole Courthouse
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Phone: 913-551-6730
Fax: 913-551-6541

---

IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

# **PENALTIES**

## **Count 1: Bank Fraud, 18 U.S.C. § 1344**

- Punishable by a term of imprisonment of not more than thirty (30) years. 18 U.S.C. § 1344.

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000. 18 U.S.C. §§ 1344, 3571(b)(1). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## **Count 2: Aggravated Identity Theft, 18 U.S.C. § 1028A**

- Punishable by a term of imprisonment of two years, which shall not run concurrent with any other term of imprisonment imposed. 18 U.S.C. § 1028A(a)(1), (b)(2).

- A term of supervised release of up to one year. 18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(1). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.